1  SEYFARTH SHAW LLP
   Kristina M. Launey (SBN 221335)
2  klauney@seyfarth.com
   Tiffany Tran (SBN 294213)
3  ttran@seyfarth.com
   Bradley D. Doucette (SBN 322611)
4  bdoucette@seyfarth.com
   400 Capitol Mall, Suite 2350
5  Sacramento, California 95814-4428
   Telephone:      (916) 448-0159
6  Facsimile:      (916) 558-4839

7  Attorneys for Defendant
   WINCO HOLDINGS, INC.
8

9                    UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11

12  JOE FRAGIE, an individual,                    Case No.

13                 Plaintiff,                     DEFENDANT WINCO HOLDINGS, INC.'S
                                                  NOTICE OF REMOVAL OF CIVIL
14        v.                                      ACTION TO THE UNITED STATES
                                                  DISTRICT COURT
15  WINCO FOODS, LLC; A Limited Liability
    Company Doing Business in California; and     Sacramento County Superior Court
16  DOES 1 through 50, inclusive,                 Case No. 34-2023-00333121-CU-WT-GDS
17                 Defendants.                    Complaint Filed:  January 18, 2023
                                                  Amendment Filed: February 16, 2023
18

19

20

21

22

23

24

25

26

27

28

                                          1

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JOE FRAGIE AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant, WINCO HOLDINGS, INC. ("Defendant" or "WinCo"), hereby files this Notice of Removal pursuant to 28 U.S.C. sections 1331, 1441(a) and (b), based on diversity of citizenship jurisdiction, to effect the removal of the above-captioned action from the Sacramento County Superior Court of the State of California, to the United States District Court for the Eastern District of California, and states that Removal is proper for the following reasons:

## BACKGROUND

1. On January 17, 2023, Plaintiff JOE FRAGIE ("Plaintiff" or "Fragie") filed an unverified complaint ("Complaint") entitled "*Joe Fragie, an individual, vs. WinCo Foods, LLC, et al.*" Case No. 34-2023-00333121-CU-WT-GDS (the "State Court Action") in Sacramento County Superior Court of the State of California.

2. The Complaint alleges two causes of action: (1) disability discrimination and wrongful termination in violation of FEHA; and (2) wrongful termination in violation of public policy.

3. Defendant WinCo Foods, LLC was served with the Complaint on January 31, 2023. A true and correct copy of the Complaint, papers served with the Complaint, and the Amendment are attached as **Exhibit 1**.

4. On February 16, 2023, Plaintiff filed an Amendment to the Complaint substituting "WinCo Holdings, Inc." for "WinCo Foods, LLC" as the proper defendant-employer in matter ("Amendment").[1]

5. On March 2, 2023, WinCo Foods, LLC filed an Answer to the Complaint. A true and correct copy of WinCo Foods, LLC's is attached as **Exhibit 2**.

6. On March 1, 2023, the Court entered an order allowing plaintiff to file an amendment to the Complaint to substitute WinCo Holdings, Inc. in the place of WinCo Foods, LLC. A true and correct copy of the Court's March 1, 2023. WinCo Holdings, Inc. did not receive a copy of the entered Order until March 21, 2023. The Court's March 1, 2023 Order is attached as **Exhibit 3**.

7. On March 22, 2023, Defendant WinCo Holdings, Inc. filed an answer to Plaintiff's

---

[1] WinCo Holdings, Inc. (not WinCo Foods, LLC) was Plaintiff's employer.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

92475585v.3

1   Complaint. A true and correct copy of the answer is attached as **Exhibit 4.**

2   <u>TIMELINESS OF REMOVAL</u>

3   8.      This Notice of Removal is timely filed as it is filed less than one year from the date this

4   action was commenced and within thirty days of service upon Defendant, or, if the case stated by the

5   initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained

6   that the case is one which is or has become removable." 28 U.S.C. § 1446(b); _Destfino v. Reiswig_, 630

7   F.3d 952, 955 (9th Cir. 2011) (recognizing that courts favor "the later served-defendant rule" in that

8   each defendant has a thirty-day period to remove whenever served).

9   <u>FEDERAL DIVERSITY OF CITIZENSHIP JURISDICTION</u>

10   9.      This Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1).  As

11   set forth below, this action is removable pursuant to 28 U.S.C. section 1332(a) because the amount in

12   controversy is in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs, and

13   is between citizens of different states.

14   A.      <u>Plaintiff is a Citizen of California</u>

15   10.      Plaintiff is, and at the institution of this civil action was, a citizen of the State of

16   California. For diversity purposes, a natural person is a "citizen" of the state in which they are

17   domiciled. _Kantor v. Wellesley Galleries, Ltd_., 704 F.2d 1088, 1090 (9th Cir. 1983). For purposes of

18   diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time

19   that the lawsuit is filed. _Armstrong v. Church of Scientology Int'l_, 243 F.3d 546, 546 (9th Cir. 2000)

20   (citing _Lew v. Moss_, 797 F.2d 747, 750 (9th Cir. 1986)). A person's domicile is the place he or she

21   resides with the intent to remain indefinitely. _Kanter v. Warner-Lambert Co._, 265 F.3d 853, 857 (9th

22   Cir. 2001). Residence is prima facie evidence of domicile. _State Farm Mut. Auto Ins. Co. v. Dyer_, 29

23   F.3d 514, 520 (10th Cir. 1994).

24   11.      Plaintiff is a resident and citizen of the State of California. Specifically, the Complaint

25   alleges that Plaintiff "is an individual who resides in the State of California." (Ex. 1, Complaint ¶ 1.)

26   Moreover, based on information Plaintiff submitted to Defendant throughout the course of Plaintiff's

27   employment, as of his last day of employment with Defendant, Plaintiff resided at a California address.

28   This demonstrates "an intent to remain" in California and establishes domicile in California. Neither

1   Plaintiff nor Plaintiff's counsel has provided a different address or indicated that Plaintiff does not

2   intend to remain domiciled in California.  Plaintiff, therefore, is, and has been at all times since this

3   action commenced, a citizen of California.

4          12.    As such, Plaintiff resided and was domiciled in California from the date of his hiring

5   through the filing of his Complaint. Accordingly, Plaintiff is and, at all relevant times, was a citizen and

6   resident of the State of California.

7          **B.    Defendant WinCo Holdings, Inc. is Incorporated Under the Laws of Idaho**

8          13.    Defendant is now and was at the time of the filing of this action, a citizen of a State other

9   than California within the meaning of 28 U.S.C. section 1332(c)(1).

10         14.    Defendant is incorporated under the laws of the State of Idaho, with its principal place of

11  business in Idaho.

12         15.    Pursuant to 28 U.S.C. section 1332(c)(1), "a corporation shall be deemed to be a citizen

13  of any State by which it has been incorporated and of the State where it has its principal place of

14  business."  *See also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009).

15         16.    The United States Supreme Court in *The Hertz Corp. v. Friend* held that a corporate

16  entity's "principal place of business" for determining its citizenship is its "nerve center":

17
18         We conclude that "principal place of business" is best read as referring to the place where
           a corporation's officers direct, control, and coordinate the corporation's activities.  It is
19         the place that Courts of Appeals have called the corporation's "nerve center."  **And in
           practice it should normally be the place where the corporation maintains its
20         headquarters -- provided that the headquarters is the actual center of direction,
           control, and coordination,** *i.e.*, **the "nerve center"** ...

21  559 U.S. 77, 92-93 (2010) (emphasis added).

22         17.    Defendant's principal place of business is Idaho because its "nerve center" is located in

23  Idaho. Specifically, Defendant's corporate headquarters are located exclusively in the State of Idaho,

24  and all of Defendant's executive and administrative functions take place in Idaho. Therefore, Defendant

25  is a citizen of the State of Idaho pursuant to the "nerve center" test, and also a citizen of the State of

26  Idaho pursuant to its state of incorporation. *Id.* at 92-93.

27         **C.    Doe Defendants' Citizenship**

28         18.    Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

92475585v.3

defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C.
section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants
are not required to join in a removal petition). Thus, the existence of Doe defendants one through fifty,
inclusive, does not deprive this Court of jurisdiction.

**<u>AMOUNT IN CONTROVERSY</u>**

19.     Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown
defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C.
section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants
are not required to join in a removal petition). Thus, the existence of Doe defendants one through fifty,
inclusive, does not deprive this Court of jurisdiction.

20.     While Defendant denies any liability as to Plaintiff's claims, the amount in controversy
requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional
minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996)
("[D]efendant must provide evidence establishing that it is 'more likely than not' that the amount in
controversy exceeds [the threshold] amount."). "The amount in controversy is 'not a prospective
assessment of [a] defendant's liability.'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir.
2018) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)). The jurisdictional
amount may be determined from the face of the complaint. *Singer v. State Farm Mutual Automobile Ins.
Co.*, 116 F.3d 373, 377 (9th Cir. 1997). However, "the amount-in-controversy inquiry in the removal
context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117
(9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).

21.     In determining the amount in controversy, the Court must consider the aggregate of
general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia,*
142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in
controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual
Benefit Health & Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken
into account where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.,* 994
F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special

5

damages). The amount in controversy is not limited to damages incurred prior to removal but is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if a plaintiff is victorious. *Chavez v. JPMorgan Chase & Co.* 888 F.3d 413, 414–15 (9th Cir. 2018).

        **A.**    <u>**Alleged Loss of Earnings, Emotional Distress, and Punitive Damages**</u>

        22.    Plaintiff seeks to recover economic damages, non-economic damages, penalties, general damages, special damages, and punitive and exemplary damages by way of his Complaint. (Ex. 1, Complaint, Prayer for Relief, ¶¶ 1, 2, 4, 5, and 6.)

        23.    At the time his employment terminated, Plaintiff was a full-time truck driver earning approximately $31.80 per hour for daytime work, and $32.45 per hour for nighttime work. Plaintiff also worked regular overtime (and sometimes double time) at rates starting at $39.68 per hour, depending on the time of day worked. During 2022, the last year of his employment, Plaintiff worked on average at least 4 daytime hours per week, 29 nighttime hours per week, and 5 overtime (or doubletime) hours per week.

        24.    Plaintiff claims his employment terminated on July 25, 2022, approximately 34 weeks prior to the date of this removal filing. Therefore, Plaintiff's lost wages to date are approximately **$43,066.1** [((31.80 x 4 hours) + ($32.45 x 29 hours) + ($39.68 x 5 hours) [a total of $1,266.65 per week]) x 34 weeks)].

        25.    Plaintiff will likely claim lost wages for the time period from the July 25, 2022, date Plaintiff claims his employment terminated through trial. Assuming a conservative trial date of 12 months after service of the Complaint, which would be approximately 79 weeks from the date Plaintiff claims his employment terminated, Plaintiff's lost wages through trial will amount to approximately **$100,065.35** [((31.80 x 4 hours) + ($32.45 x 29 hours) + ($39.68 x 5 hours) [a total of $1,266.65 per week]) x 79 weeks)].

        26.    In addition to lost wages, Plaintiff seeks to recover for general damages, including "humiliation, emotional distress, and mental and physical pain and anguish…." (*See* Ex. 1, Complaint ¶¶ 26 and 34.) He also seeks recovery of punitive damages. (*See* Ex. 1, Complaint, Prayer for Relief, ¶ 10.)

        27.    To establish the amount in controversy, a defendant may rely on jury verdicts in cases

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

92475585v.3

involving similar facts. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

28.     California jury verdicts in similar cases regularly exceed $75,000. *See e.g. Garcia v. Roy Med. Grp.*, Superior Court, Los Angeles County, No. 20STCV17447 (March 2022) ($190,000 verdict on plaintiff's claims for disability discrimination); *Gonzalez v. M&C Hotel Interests, Inc.*, Superior Court, Los Angeles County, No. 19STCV37625 (March 2022) ($150,000 verdict on plaintiff's claims for disability discrimination); *Cordero v. Catwalk to Sidewalk Inc.*, Superior Court, Los Angeles County, No. VC066042 (September 2019) ($160,000 verdict on plaintiff's claims for disability discrimination) (True and correct copies of this verdict information obtained from Westlaw.com are attached as **Exhibit 5**.)

### B.     Attorney's Fees and Costs

29.     Plaintiff also seeks to recover attorneys' fees.  (Ex. 1, Complaint, Prayer for Relief, ¶ 9.) Requests for attorney's fees and costs must be considered in ascertaining the amount in controversy. *See Galt, supra*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory).

30.     Plaintiff, if successful, would be entitled to an award of attorneys' fees and costs that itself "more likely than not" would exceed $75,000. Verdicts show that attorneys' fees in employment cases typically exceed $75,000. *See e.g., Monterroso v. Hydraulics Int'l Inc.*, No. B299946, 2022 WL 33250 (Cal. Ct. App. Jan. 4, 2022) ($625,000 in attorney's fees awarded to plaintiff affirmed in wrongful termination matter); *Herron v. County of Los Angeles*, Cal. Second Appellate District, Division Seven, No. B295184 (December 2021) ($320,000 in attorney's fees awarded to plaintiff affirmed in disability discrimination lawsuit); *Ojeda v. Azulay, et al.*, Cal. Second Appellate District, Division Three, No. B302440 (February 2021) ($83,555 in attorney's fees awarded to plaintiff in employment lawsuit alleging failure to pay wages); *Do v. Raytheon Co.*, Cal. Second Appellate District, Division Four, No. B293950 (October 2020) ($695,000 attorney's fees award to plaintiff affirmed in discrimination and harassment lawsuit) (True and correct copies of the *Monterroso, Herron*, *Ojeda*, and *Do* verdict information are attached as **Exhibit 6**.)

31.     For each of the foregoing reasons, while Defendant denies any liability as to Plaintiff's

92475585v.3

claims, it is now "more likely than not" that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

### VENUE

32.     Venue lies in the Eastern District of California pursuant to 28 U.S.C. sections 1441(a), 1446(a), and 84(c). This action originally was brought in Sacramento County Superior Court of the State of California, which is located within the Eastern District of California.

### NOTICE OF REMOVAL

33.     Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk in the State Court Action. This Notice of Removal also will be served on counsel for Plaintiff, and a copy of the Proof of Service will be filed shortly after these papers are filed and served.

### PRAYER FOR REMOVAL

34.     WHEREFORE, Defendant prays that the State Court Action be removed to the United States District Court for the Eastern District of California.

DATED: March 22, 2023               Respectfully submitted,

                                    SEYFARTH SHAW LLP


                                    By: _____
                                            Kristina Launey
                                            Tiffany Tran
                                            Bradley D. Doucette


                                    Attorneys for Defendant
                                    WINCO HOLDINGS, INC.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

92475585v.3