**EXHIBIT 1**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WINCO FOODS, LLC; A Limited Liability Company Doing Business in California; and DOES 1 through 50, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOE FRAGIE, an individual

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*



**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Gordon D. Schaber
720 9th Street
Sacramento, California, 95814

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Narak Mirzaie, 311508             626-626-4422
680 E. Colorado Blvd., STE 180, Pasadena, CA, 91101

DATE: JAN 1 8 2023        Clerk, by A. ROMO MORENO, Deputy
*(Fecha)*                 *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WINCO FOODS, LLC; A Limited Liability Company Doing Business in California
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Narak Mirzaie, Esq. (SBN #311508)
Selineh Shahbazian, Esq. (SBN #333809)
M LAW ATTORNEYS, APC
680 East Colorado Blvd. Suite 180
Pasadena, CA 91101
Tel: (626)626-4422
Fax: (626)626-4420

Attorneys for Plaintiff,
JOE FRAGIE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| JOE FRAGIE, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>WINCO FOODS, LLC; A Limited Liability Company Doing Business in California; and DOES 1 through 50, inclusive;<br><br>Defendants. | CASE NO.<br><br>Demand for Jury Trial<br><br>1. Disability Discrimination & Wrongful Termination in Violation of FEHA;<br><br>2. Wrongful Termination in Violation of Public Policy;<br><br>BY FAX |

## PARTIES

1. JOE FRAGIE (hereinafter "Plaintiff") is an individual who resides in the State of California.

2. WINCO FOODS, LLC (hereinafter "Defendant") is a corporation doing business in California. Defendant is and/or at all times mentioned in this Complaint is a business and/or facility licensed to do business and actually is doing business in the State of California.

///
///
///

## JURISDICTION AND VENUE

3. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

4. Events that are the subject of this action occurred in or near Sacramento County in the State of California.

## DOE DEFENDANT

5. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

6. Defendant Does 1 through 50, inclusive, were always relevant herein employees or agents of the other Defendants. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 100, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will pray leave of Court to amend this Complaint to allege their true names and capacities when ascertained.

7. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants herein was, at all times relevant to this action, the agent, employee, representing partner or joint venturer of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the defendants herein gave consent to or ratified and authorized the acts alleged herein to each of the remaining defendants.

8. Plaintiff is informed, believes, and thereon alleges that every Defendant designated herein, including all DOE Defendants, were negligently, wrongfully, carelessly, unlawfully, tortuously, or in some other actionable manner, responsible for the events and happenings herein referred to, and that their negligent and/or otherwise tortious and wrongful acts and/or omissions proximately caused, or were a substantial factor in causing, the injuries and damages to Plaintiff as are herein alleged, and that each Defendant and/or his, her, or its respective officers, directors, partners, managing directors, and/or shareholders ratified the wrongful acts and omissions of each other

Defendant.

9. Plaintiff is informed, believes, and thereon alleges that at all relevant times herein, every Defendant designated, including all DOE Defendants, was an agent, employee, joint venturer, partner, alter ego, conspirator, and/or legal representative of the remaining Defendants, and at all times mentioned herein, every Defendant designated herein, including all DOE Defendants, was acting within the time, authority, course, and scope of said agency, employment, joint venture, partnership, and/or conspiracy, and to further the objectives of the same, or as an alter ego and with the full knowledge, approval, ratification, permission, and consent of the other co-Defendants, and each of them, including the officers, directors, and managing agents of Defendants.

## EXHAUSTING ADMINISTRATIVE REMEDIES (FILING THE RIGHT TO SUE WITH THE DEPARTMENT OF FAIR HOUSING & EMPLOYMENT)

10. On or about January 13, 2023, Plaintiff filed his right-to-sue letter with the Department of Fair Housing & Employment.

11. Plaintiff has exhausted all administrative remedies.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

13. Defendant employed Plaintiff as a full-time truck driver from February 2021 until July 25, 2022.

14. On or about May 2022, Plaintiff experienced a blood clot. Plaintiff provided a note from his physician requiring him to work only four (4) days a week. Prior to providing the note, Plaintiff already had a four-day work week schedule. However, once Plaintiff provided the physician's note to his supervisor, Mr. Shaine Rodriguez (hereinafter Mr.Rodriguez), he replied, "isn't that convenient." Mr. Rodriguez's statement referred to the physician's note provided by Plaintiff requiring him to work four (4) days a week. This statement was made despite Plaintiff already working four (4) days a week.

15. Approximately two weeks after the physician's note, Plaintiff began experiencing harassment from the management.

16. Plaintiff often wore a visor to protect his eyes while driving during certain hours of the day. He found the sun blocking his vision; therefore, for safety reasons, Plaintiff wore the visor to block the sun. Approximately two weeks after he informed his supervisor about his blood clot and provided the physician's note, Plaintiff was told that he was not allowed to wear a visor. Plaintiff was told that he is not allowed to wear the visor because the visor covered his face, and the camera mounted on the windshield in front of him could not record his face.

17. Plaintiff explained to his supervisor(s)/management that he wore the visor for safety reasons and did not want his vision to be obscured by the sun. Plaintiff even suggested changing the location of the camera so that the camera could capture his face. Plaintiff's idea was rejected. Plaintiff was told by his supervisor that "we can't change the location of the camera to accommodate you." Shortly thereafter, Plaintiff was terminated for wearing a visor.

18. Plaintiff believes and, on that basis, alleges that his disability and request for accomodations was a motivating factor in Defendant's termination of his employment. Plaintiff's belief is not meritless. Plaintiff was only told he was not allowed to wear a visor approximately two weeks after providing a physician's note requesting to work only four (4) days a week. As a result of Defendant's decision to terminate him, Plaintiff experienced additional stress and anxiety, which further exasperated his emotional and psychological distress.

## I. FIRST CAUSE OF ACTION
### (Disability Discrimination and Wrongful Termination in Violation of FEHA Against All Defendants and Does 1 Through 50)

19. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

20. At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on Defendant(s). These statutes require defendants to refrain from discriminating against any employee based on her disability (including actual, perceived, history of, etc.). Within the time provided by law, Plaintiff filed a complaint with the Department

of Fair Employment and Housing (DFEH), fully complying with administrative requirements, and received a right-to-sue letter.

21. At the time of his termination, Plaintiff was a qualified employee and performed his job in an exemplary manner.

22. At the time of his termination, Plaintiff suffered blood cloth resulting in a need for accomodations.

23. Defendant terminated Plaintiff's position only weeks after he requested accommodations for his disability.

24. Plaintiff believes and, on that basis, alleges that his disability was a motivating factor in Defendant's termination of his employment.

25. As a proximate result of Defendant's willful, knowing, and intentional discrimination, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

26. As a proximate result of Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

27. Defendant's discrimination was intentional, malicious, and oppressive, entitling Plaintiff to punitive damages.

28. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is unaware of the precise amounts of these expenses and fees and will seek leave of Court to amend this Complaint when the amounts are fully known.

## II. SECOND CAUSE OF ACTION
**(Wrongful Termination in Violation of Public Policy Against All Defendants and Does 1 Through 50)**

29. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

30. At all times herein mentioned, the California Constitution, Article I, section 8, was in full force and effect and was binding on Defendants. Among its other provisions, the Constitution bans discrimination on the basis of disability. Additionally, California Public Policy, as codified under California Fair Employment and Housing Act, Government Code Section 12900, et. seq. prohibit discrimination against employees based on gender, disability, and/or age.

31. Plaintiff was a qualified employee and performed his job in an exemplary manner. Plaintiff suffered from blood cloth wich necessitated the need for accomodations. Defendant intentionally discriminated against Plaintiff in violation of the laws banning disability discrimination when Plaintiff was terminated while requesting accomodations.

32. For all reasons set forth above, Plaintiff believes and alleges that her disability was a motivating factor in Defendant's termination of his employment.

33. As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

34. As a proximate result of Defendant's willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

35. Defendant's misconduct was done intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

36. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. At this time, Plaintiff is unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment as follows:

1. For Plaintiff's economic damages;

2. For Plaintiff's non-economic damages;

3. For interest, thereon at the legal rate;

4. Penalties under applicable labor code sections;

5. For general damages, according to proof on each cause of action for which such damages are available;

6. For special damages, according to proof on each cause of action for which such damages are available;

7. For prejudgment and post-judgment interest according to law;

8. For costs of suit incurred in this action, with interest;

9. For costs and reasonable attorney's fees as provided by law;

10. ·For punitive and exemplary damages; and

11. For such other and further relief, the Court shall deem just and proper.

## IV. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED,
M Law Attorneys, APC

Dated: January 14, 2022

By: /s/ N Mirzaie
NARAK MIRZAIE, ESQ.
SELINEH SHAHBAZIAN, ESQ.
Attorneys for Plaintiff,
Joe Fragie

| | | CM-010 |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Narak Mirzaie, 311508<br>M Law Attorneys<br>680 E. Colorado Blvd., STE 180, Pasadena, CA, 91101<br>    TELEPHONE NO.: 626-626-4422    FAX NO. *(Optional):* 626-626-4420<br>    E-MAIL ADDRESS: litigation@mlawattorneys.com<br>    ATTORNEY FOR *(Name):* JOE FRAGIE | | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento<br>  STREET ADDRESS: 720 9th Street<br>  MAILING ADDRESS: 720 9th Street<br>  CITY AND ZIP CODE: Sacramento, 95814<br>  BRANCH NAME: Gordon D. Schaber | | |
| CASE NAME:<br>Fragie v. WinCo Foods, LLC | | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount       (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   - [ ] Auto (22)
   - [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   - [ ] Asbestos (04)
   - [ ] Product liability (24)
   - [ ] Medical malpractice (45)
   - [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   - [ ] Business tort/unfair business practice (07)
   - [ ] Civil rights (08)
   - [ ] Defamation (13)
   - [ ] Fraud (16)
   - [ ] Intellectual property (19)
   - [ ] Professional negligence (25)
   - [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   - [✓] Wrongful termination (36)
   - [ ] Other employment (15)

   **Contract**
   - [ ] Breach of contract/warranty (06)
   - [ ] Rule 3.740 collections (09)
   - [ ] Other collections (09)
   - [ ] Insurance coverage (18)
   - [ ] Other contract (37)

   **Real Property**
   - [ ] Eminent domain/Inverse condemnation (14)
   - [ ] Wrongful eviction (33)
   - [ ] Other real property (26)

   **Unlawful Detainer**
   - [ ] Commercial (31)
   - [ ] Residential (32)
   - [ ] Drugs (38)

   **Judicial Review**
   - [ ] Asset forfeiture (05)
   - [ ] Petition re: arbitration award (11)
   - [ ] Writ of mandate (02)
   - [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   - [ ] Antitrust/Trade regulation (03)
   - [ ] Construction defect (10)
   - [ ] Mass tort (40)
   - [ ] Securities litigation (28)
   - [ ] Environmental/Toxic tort (30)
   - [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   - [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   - [ ] RICO (27)
   - [ ] Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   - [ ] Partnership and corporate governance (21)
   - [ ] Other petition *(not specified above)* (43)

   BY FAX

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action *(specify):* Two (2)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 01/12/2023

Narak Mirzaie                      ▶    *NMirzaie*
    (TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET | |
| MAILING ADDRESS: 720 Ninth STREET | |
| CITY AND ZIPCODE: Sacramento, CA 95814-1311 | |
| BRANCH NAME: Gordon D Schaber Courthouse | |
| PHONE NUMBER: (916) 874-5522 | |
| SHORT TITLE: Fragie vs. Winco Foods, LLC, A Limited Liability Compan | |

| NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR | CASE NUMBER: 34-2023-00333121-CU-WT-GDS |
|---|---|

### Hearing Date

The above entitled action has been set for a case management conference at 08:30 AM on 11/03/2023 in Department 38 in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

### Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

### Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:
- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

### Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov/PublicCaseAccess/

### Remote Appearances

Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

### Certification Filed in Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 01/18/2023

*Kenneth C. Mennemeier, Jr.*

Kenneth C. Mennemeier , Judge of the Superior Court

|  **SUPERIOR COURT OF CALIFORNIA**<br>County of Sacramento<br>720 Ninth Street, Room 102<br>Sacramento, CA 95814-1380<br>(916) 874-5522—www.saccourt.ca.gov | For Court Use Only |
|---|---|
| Attorney or Party without Attorney (Name, Address, State BAR #):<br>Narak Mirzaie, Esq (311508)  M LAW ATTORENYS, APC<br>680 East Colorado Blvd. Suite 180 Pasadena, CA 91101<br>Telephone No. 626-626-4422 | |
| Plaintiff: JOE FRAGIE<br><br>Defendant: WinCo Foods, LLC | Case Number:<br><br>34-2023-00333121-CU-WT-GDS |

## Amendment to Complaint

**FICTITIOUS NAME (order not required)**

On filing of the complaint, plaintiff(s) not knowing the true name of a defendant, and having designated defendant in the complaint by the fictitious name of:

_____

and having discovered the true name of the defendant to be:

_____

hereby amends the complaint by inserting the true name in place of the fictitious name where it appears in the complaint.

---

**INCORRECT NAME (order required)**

Plaintiff(s) having designated a ☒ defendant ☐ plaintiff in the complaint by the incorrect name of:

**WinCo Foods, LLC**

and having discovered the true name of said ☒ defendant ☐ plaintiff to be:

WinCo Holdings, Inc.

hereby amends the complaint by inserting the true name in place of such incorrect name where it appears in said complaint.

| 2/16/2023 | _NMirzaie_ |
|---|---|
| Date | Signature of Attorney or Party without attorney |

**ORDER**

Proper cause appearing, plaintiff(s) is(are) allowed to file the above amendment to the complaint.

| _____ | _____ |
|---|---|
| Date | Judge of the Superior Court |